```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
GLORIANNA LAGNESE,            :    Civ. No. 15CV00975(AWT)
REBOUND HOUNDS RES-Q, INC.,   :
DONALD J. ANDERSON, JR., and  :
AMY DICAMILLO                 :
                              :
v.                            :
                              :
TOWN OF WATERBURY             :    November 9, 2015
TOWN OF MANCHESTER,           :
TOWN OF SOUTHINGTON, and      :
TOWN OF STRATFORD             :
                              :
------------------------------x
```

## RULING AND AMENDED SCHEDULING ORDER

A Case Management Conference was held on the record on November 9, 2015, to discuss plaintiffs' pending Motion to Compel [Doc. #37], and defendant Town of Manchester's Motions for Extension of Time and for Protective Order. [Doc. ##32, 33, 40, 45, 50]

## Plaintiffs' Motion to Compel [Doc. #37] and Defendant Town of Manchester's Motion for Protective Order [Doc. #40]

The plaintiff has filed a motion to compel discovery responses from the defendant Town of Manchester ("Manchester"). Manchester filed a cross Motion for Protective Order. The Court finds that neither party has made a meaningful effort to meet and confer to narrow the issues in dispute. As demonstrated during the conference, the parties are capable of reaching an agreement on the scope of discovery requests and/or narrowing

1

the issues in dispute. For example, the plaintiffs were willing to limit their requests to a period of no longer than three years. The parties will renew their efforts to resolve their differences and set aside any misunderstandings.

The Federal Rules provide that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The District of Connecticut's Local Rule is even more demanding of the moving party. Local Rule 37 provides that a motion to compel shall not be filed "unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a). Thus, while the Federal Rule may be satisfied by an <u>attempt</u> to confer, the Local Rule cannot. "A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules. Rather, under Local Rule 37(a), a movant must confer with opposing counsel and must discuss discovery disputes in detail and in good faith." <u>Doe v. Mastoloni</u>, 307 F.R.D. 305, 313 (D. Conn. 2015).

"The purpose of the meet and confer requirement is to

resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel." Myers v. Andzel, No. 06CV14420(RWS), 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007). Here, based on the responses of counsel during the conference, the Court finds that the parties did not engage in a good faith conference, much less discuss the issues "in detail." Rather, Manchester filed its objections to certain discovery requests on October 9, 2015, only two days after receiving them, and plaintiffs filed the Motion to Compel on October 13, 2015, after a single telephone call with opposing counsel. [Doc. #37-9]

The Court finds that an award of fees and costs is not warranted on this record. As noted, Rule 37 of both the Federal and Local Rules require a good faith effort by moving counsel to confer with opposing counsel before filing a motion to compel. Plaintiff has not made that showing here. A single telephone call on October 12, 2015, is not sufficient to satisfy the Federal Rule and falls far short of satisfying the Local Rule. See, e.g., Saliga v. Chemtura Corp., No. 3:12CV832(VAB), 2015 WL 851849, at *2 (D. Conn. Feb. 26, 2015) ("The plaintiff's cursory communications fall short of meeting her obligation to meet and confer. Her effort was perfunctory. Counsel never had any meaningful dialogue.").

Plaintiffs' Motion for Costs and Fees **[Doc. #37]** is **DENIED** on this record.

### Order Regarding Requests for Admission

Manchester will provide responses to the outstanding Requests for Admission on or before **November 17, 2015.** The plaintiffs shall advise Manchester, in writing, on or before **November 20, 2015,** whether in light of the responses, the second set of requests for production remain necessary or will be withdrawn, in whole or in part.

### Order to Meet and Confer

Plaintiffs and Manchester will meet and confer regarding all outstanding discovery issues on or before **Friday November 20, 2015.** Counsel for the Town of Manchester will meet with her client in advance of the meet and confer. The parties will conduct a meaningful independent review of all outstanding discovery requests and responses with an eye to narrowing the requests and reaching a resolution in advance of the conference. The parties are encouraged to exchange letters after conducting an independent review prior to the meet and confer. Boilerplate objections will be overruled. Objections shall be made with particularity. Similarly, plaintiffs will consider revising interrogatories and requests for production based on the Court's feedback during the conference. The parties are encouraged to offer proposals for resolving their differences in advance of

the meet and confer.

The parties were advised that any claim of privilege must be accompanied by a Privilege Log that conforms with Fed. R. Civ. P. 26(b)(5) and D. Conn. Fed. L. Civ. R. 26(e).

### Order for Joint Status Reports

The parties will file a Joint Status Report on **November 20, 2015,** stating whether Manchester's responses to the Requests for Admission are sufficient and whether plaintiffs will continue to press, in whole or part, their Second Set of Interrogatories and Requests for Production. The parties will report the results of their meet and confer efforts, and set forth any areas that are in dispute.

The parties will file a second Joint Status Report on **December 4, 2015,** after Manchester's responses have been reviewed by plaintiffs, identifying any remaining disputes.

Accordingly, plaintiffs' Motion to Compel and defendant Town of Manchester's Motion for Protective Order are taken under advisement. **[Doc. ##37, 40]** The Court will consider these motions after the parties have met and conferred and filed the two required Joint Status Reports.

### Amended Scheduling Order

During the conference, the Court granted Manchester's Motions for Extension of Time to **December 1, 2015,** to respond to plaintiffs' Second Set of Requests for Admission dated October

5

1, 2015 [Doc. #32]; First Set of Interrogatories and Requests for Production dated October 1, 2015 [Doc. #33]; and respond to the Amended Complaint dated October 6, 2015 [Doc. #45].[1] Accordingly, the parties agreed to the extension of the deadlines as follows.

Discovery closes on **July 15, 2016.**

Plaintiffs will file their Motion for Class Certification on or before **January 29, 2016.** Defendants' response will be filed on or before **February 29, 2016.** Plaintiffs' Reply, if any, will be filed on or before **March 14, 2016.**

Any party who has a claim or counterclaim for damages shall provide a Damages Analysis on or before **April 29, 2016.**

Plaintiffs will disclose any expert witnesses and provide expert reports by **April 14, 2016.**

Defendants will depose plaintiff's expert witnesses by **May 26, 2016.**

Defendants will disclose any expert witnesses and provide expert reports by **June 16, 2016.**

Plaintiffs will depose defendants' expert witnesses by **July 15, 2016.**

Plaintiffs have scheduled depositions of witnesses from the Town of Manchester for the week of November 16, 2015. Counsel

---

[1] The Court also granted nunc pro tunc Manchester's Motion for Extension of Time to file a response to plaintiffs' Motion to Compel. [Doc. #50]

for plaintiffs indicated that they may need to conduct a continued deposition of these witnesses after Manchester provides responses to the outstanding discovery; any such continued depositions shall be limited to the new discovery responses and document production. The time limits applicable to depositions shall apply to the combined time of the initial and any continued depositions.

Dispositive motions, if any, shall be filed on or before **September 16, 2016.**

The Joint Trial Memorandum is due **sixty days** after the Court's ruling on any dispositive motions, or, if none are filed, sixty days after the deadline for filing such motions has passed.

The parties shall contact the court **immediately** if issues arise that may impact these deadlines.

This is not a recommended ruling. This is a discovery ruling and case management order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified

by the district judge upon motion timely made.

SO ORDERED at New Haven this 9th day of November 2015.

                                        /s/
                            HON. SARAH A. L. MERRIAM
                            UNITED STATES MAGISTRATE JUDGE