```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------x
                               :
GLORIANNA LAGNESE,             :   Civ. No. 15CV00975(AWT)
REBOUND HOUNDS RES-Q, INC.,    :
DONALD J. ANDERSON, JR., and   :
AMY DICAMILLO                  :
                               :
v.                             :
                               :
TOWN OF WATERBURY              :   November 23, 2015
TOWN OF MANCHESTER,            :
TOWN OF SOUTHINGTON, and       :
TOWN OF STRATFORD              :
                               :
-------------------------------x
```

### ORDER ON MOTION FOR PROTECTIVE ORDER

Three of the defendants in this matter have filed two motions for protective order seeking to bar the taking of depositions by the plaintiffs in this case by video recording before a Notary Public selected by the plaintiffs.[1] [Doc. #61, 63]. The plaintiffs have filed a "Notice" alleging that the defendants are in default for failing to cooperate with the taking of the depositions as scheduled. [Doc. #60].[2] The moving defendants' motions [Doc. #61, 63] are hereby **GRANTED**, in part.

The moving defendants object to the plaintiffs' selection

---

[1] Defendants Waterbury, Manchester and Southington join in the motion. They shall be referred to herein as "the moving defendants."

[2] The plaintiffs have not filed a motion for entry of default, only a notice to the Court stating their view that the defendants are in default.

1

of the "officer" before whom the depositions would be taken: a Notary Public, authorized by the State of Connecticut, employed by a law firm with office space in the same building as plaintiffs' counsel. The plaintiffs propose that the depositions be recorded by video and that the Notary Public serve as the officer required by the Federal Rules. The moving defendants contend that the officer is not adequate because she is not "appointed by the court under [Rule 28] or designated by the parties under Rule 29(a)." Fed. R. Civ. P. 28(a)(2). The moving defendants further contend that the proposed officer concedes that she has never performed the recording of a deposition before, and they express concern that the recording will not be properly handled.

**Definition of "Officer"**

The Court does not agree with the moving defendants that Rule 28 requires that the officer designated to take a deposition must be appointed by the Court or designated by the parties. The moving defendants omit the key language of that provision. Rule 28(a) reads, in its entirety, as follows:

> (a) Within the United States.
> (1) In General. Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony.

of the "officer" before whom the depositions would be taken: a Notary Public, authorized by the State of Connecticut, employed by a law firm with office space in the same building as plaintiffs' counsel. The plaintiffs propose that the depositions be recorded by video and that the Notary Public serve as the officer required by the Federal Rules. The moving defendants contend that the officer is not adequate because she is not "appointed by the court under [Rule 28] or designated by the parties under Rule 29(a)." Fed. R. Civ. P. 28(a)(2). The moving defendants further contend that the proposed officer concedes that she has never performed the recording of a deposition before, and they express concern that the recording will not be properly handled.

**Definition of "Officer"**

The Court does not agree with the moving defendants that Rule 28 requires that the officer designated to take a deposition must be appointed by the Court or designated by the parties. The moving defendants omit the key language of that provision. Rule 28(a) reads, in its entirety, as follows:

> (a) Within the United States.
> (1) In General. Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony.

>    (2) Definition of "Officer". The term "officer" in Rules 30, 31, and 32 includes a person appointed by the court under this rule or designated by the parties under Rule 29(a).

Fed. R. Civ. P. 28. The Rule requires that the deposition be taken before "an officer authorized to administer oaths" – which a Notary Public is, in Connecticut. See Conn. Gen. Stat. § 1-24 (providing that "notaries public" are "officers [who] may administer oaths" under Connecticut law). The Rule then indicates that an "officer" includes a person appointed by the Court or designated by the parties. "In interpreting a statute, the use of the word 'includes,' is expansive, not limiting." In re Parks, 503 B.R. 820, 827 (Bankr. W.D. Wash. 2013) (citations omitted). Thus, the inclusion provision is better read as explaining that a person appointed by the Court or designated by the parties may serve as an officer, in addition to other persons. Indeed, it is rarely the case that the officer designated to take a routine, in-person deposition is either appointed by the Court or designated jointly by the parties. Rather, the party conducting the deposition ordinarily designates the officer.

    Thus, Rule 28 does not dictate that a Notary Public is per se an improper officer for the taking of a deposition under the Federal Rules. The Rules also explicitly permit the taking of depositions by video recording. See Fed. R. Civ. P.

3

30(b)(3)(A)). However, the Federal Rules make plain that the Court must be concerned with the accuracy and completeness of the deposition recording, however performed. Rule 30 sets out in great detail the duties of the officer overseeing a deposition. It is clear that the officer must remain present, monitoring the recording throughout the proceedings, and ensuring the completeness and accuracy of the recording. See Fed. R. Civ. P. 30(b)(5). The officer has an obligation to certify the accuracy of the recording and to provide the original recording to the attorney noticing the deposition, while retaining a copy and providing copies to other parties upon request. See Fed. R. Civ. P. 30(f)(1),(3).

Here, the Notary Public designated by the plaintiffs has apparently conceded that she has no experience recording depositions. It is not clear to the Court on the record whether the Notary Public is aware of, willing and able to manage these responsibilities.

**Timing of Notices of Depositions and Objections**

The crux of the problem here, however, is not the designated officer, but the failure of the plaintiffs to provide adequate notice to the defendants of their plans for the deposition and the failure of the moving defendants to make adequate inquiry.

The plaintiffs issued formal notice of the deposition of

4

ACO McConnell, for example, on November 18, 2015. [Doc. #61-2] That Notice explicitly states: "This deposition will be taken by audio and visual recording before an officer authorized to administer oaths[.]" Upon reading that, counsel for the moving defendants should have inquired about the officer if they had concerns; they were certainly on notice that the method of recording would not be stenographic when they received that notice. However, it was not until counsel arrived at the deposition on November 20, 2015, that the issue was confronted. Furthermore, when the Court attempted to resolve the issues arising at the November 20, 2015, depositions, counsel for defendant Manchester departed the deposition within 15 minutes after the parties had first contacted chambers, before the Court could intervene. [Doc. # 60]

    The moving defendants have also provided the Court with a notice of deposition dated November 23, 2015, for a deposition scheduled to occur on November 24, 2015. [Doc. # 63-1] Indeed, formal notices of deposition by the plaintiffs appear to have routinely been issued one to six calendar days before the deposition in question. That is simply not enough notice, particularly as counsel for the plaintiffs must have been aware that electing to take a deposition without a court reporter present is unusual and might have given rise to disputes.

    In addition, the plaintiffs have repeatedly issued notices

5

of deposition requesting that documents be produced at the time of deposition; these notices indicate that the document requests are made "pursuant to Rules 30 and 34[.]" [Doc. 63-1] Rule 30, which allows the deposing party to request that documents be produced at the time of the deposition, does indeed incorporate Rule 34. Rule 34, in turn, states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The Court has found nothing to indicate that the 30-day limitation is not applicable to document requests incorporated into deposition notices.

**Proposed Notary Public Officer**

If the plaintiffs wish to use the Notary Public previously designated as an officer in this matter, they must provide an affidavit from that Notary Public that she has read and understands all of the requirements of an officer under the Rules; that she will attest to the accuracy and completeness of any recording; that she will remain in attendance and actively monitoring the recording throughout; and that she will meet all of the requirements of the Federal Rules for the taking of a deposition. The Court will review such affidavit and determine whether the proposed officer is acceptable. Any depositions scheduled to go forward before this officer shall be postponed until the Court's ruling on her acceptability under the Rules.

**Court-Imposed Rules for Conduct of Future Depositions**

     The conduct of counsel on both sides in these proceedings has let to great inefficiencies, and needless cost to the parties. The Court therefore imposes the following rules upon all parties for the conduct of depositions in this matter, in the hopes of avoiding such wasteful conduct in the future:

1. All depositions shall be noticed, formally, in writing, and in complete compliance with the Federal Rules, no less than 21 days prior to the deposition. Such notices shall explicitly state the method of recording to be employed.
2. If any party elects to appoint an officer other than a licensed court reporter as the officer before whom a deposition is to be taken, that party must include in the notice of deposition the name and qualifications of the proposed officer. Opposing counsel shall have seven days in which to object to the proposed officer.
3. Any party seeking to obtain document production in connection with a deposition must serve the notice of deposition incorporating such production requests on the deponent at least 30 days before the date of the deposition.
4. Any party may employ an additional method of recording any deposition, as long as a separate officer is present to conduct each method of recording.

5.   Until further order of the Court, all parties shall docket a Report to the Court attaching every notice of deposition issued within seven days of the issuance of such notice of deposition. In these Reports to the Court, counsel issuing the notice of deposition shall indicate whether any objection has been raised by opposing counsel to any aspect of the notice of deposition.

Counsel for the plaintiffs and **all** defendants – not only the moving defendants – will meet and confer regarding the plan for approaching future depositions. The parties shall file a joint status report on **December 11, 2015,** detailing for the Court the efforts made to reach agreement on the depositions.

This is not a recommended ruling. This is a discovery ruling and case management order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven this 23rd day of November 2015.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE