```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
GLORIANNA LAGNESE,             :   Civ. No. 15CV00975(AWT)
REBOUND HOUNDS RES-Q, INC.,    :
DONALD J. ANDERSON, JR., and   :
AMY DICAMILLO                  :
                               :
v.                             :
                               :
CITY OF WATERBURY, TOWN OF     :   December 18, 2015
MANCHESTER, TOWN OF            :
SOUTHINGTON, and TOWN OF       :
STRATFORD                      :
                               :
-------------------------------x
```

### ORDER ON PLAINTIFFS' MOTION TO RECONSIDER

The plaintiffs have filed a motion requesting that the Court reconsider its order of November 23, 2015, [Doc. #66] granting in part the defendants' motion for a protective order and setting procedures in place regarding the conduct of depositions in this matter. The defendants have filed an objection to the motion. [Doc. #84]. **For the reasons set forth herein, the motion to reconsider [Doc. #75] is granted, in part, to the extent it seeks only reconsideration of the Court's prior order. Upon reconsideration, the Court adheres to its prior ruling. To the extent the plaintiffs' motion seeks additional relief, including sanctions, the motion is denied.**

I.  PROCEDURAL HISTORY

Defendants Waterbury, Manchester and Southington filed

1

motions for protective orders, seeking to bar the taking of depositions by the plaintiffs in this case by video recording before a Notary Public. [Doc. ##61, 63]. The plaintiffs, in turn, filed a "Notice" alleging that the defendants were in default for failing to cooperate with the taking of the depositions as scheduled. [Doc. #60]. The defendants objected to the plaintiffs' method of recording the depositions by video before an officer they chose, specifically, a Notary Public, authorized by the State of Connecticut, employed by a law firm with office space in the same building as plaintiffs' counsel. The Court granted in part the defendants' motions in an order dated November 23, 2015. [Doc. #66].

The plaintiffs filed both an objection to the Court's ruling and a motion to reconsider the ruling under Rule 72, together with a number of "emergency" motions for extensions of time. [Doc. ## 74, 75, 77, 78, 79].[1] The District Judge has entered an order informing the plaintiffs that the time for filing any Rule 72 objection to this Court's order will run from the date of the ruling on the motion for reconsideration. [Doc. #81]. Before the Court now is the motion for reconsideration; the procedural motions will be handled by way of docket entry

---

[1] The Court notes that one of these motions is docketed as an "Emergency Motion to Expedite" the motion for reconsideration. [Doc. #78]. However, the content of that motion requests an extension of time, rather than expedited ruling.

orders.

**II.  LEGAL STANDARD**

    **A.  Reconsideration**

The plaintiffs cite the standards applicable to motions filed under Federal Rule 60(b) in their memorandum, and the motion is captioned as a motion for relief under both Federal Rule 54(b)[2] <u>and</u> Local Rule 7(c). The Court construes the motion as having been brought pursuant to Local Rule 7(c), which governs motions for reconsideration and provides that such motions "shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." D. Conn. L. R. Civ. P. 7(c).

> The standard for granting a motion for reconsideration is strict. <u>See</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Id.</u> A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." <u>Id.</u>

<u>Palmer v. Sena</u>, 474 F. Supp. 2d 353, 355 (D. Conn. 2007).

The Court issued its November 23, 2015, order without receiving briefing from the plaintiffs. The Court had previously heard discovery disputes between the same parties, including

---

[2] Rule 54(b) relates to the entry of final judgments.

disputes related to the noticing and taking of depositions. The Court was therefore familiar with the issues. However, the Court will grant the plaintiffs' motion for reconsideration based on the assertion that it presents additional data not previously available to the Court.

    B.    **Sanctions**

The plaintiffs' motion also, almost in passing, seeks the imposition of sanctions against defense counsel "pursuant to Rules 11, 30 & 37 based upon the lack of merit of the motion, the material misrepresentations of facts and their actions regarding the conduct of the depositions in violation of the specific dictates of Rule 30." [Doc. #75 at 2].

Rule 11 imposes particular rules for the filing of a motion for sanctions:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The plaintiffs have not satisfied the requirements of Rule 11, and the motion is denied on that basis.

It is not clear what portion of Rule 30 the plaintiffs rely on in seeking sanctions, or what conduct by the defendants or

4

their counsel would give rise to sanctions under that Rule. Likewise, it is not clear what portion of Rule 37 the plaintiffs rely on in seeking sanctions, or the specific basis for this request. The plaintiffs have simply listed three rules, offering no argument in support of the imposition of sanctions under any of the rules. The plaintiffs provide no analysis as to the merits of any claim that the defendants' motion was so false or misleading or their conduct so improper as to be actionable.[3] Accordingly, to the extent the motion seeks imposition of sanctions, the motion is denied.

**III. DISCUSSION**

The plaintiffs' memorandum in support of reconsideration takes issue with the allegations in the defendants' motions for protective order. The Court has now fully reviewed the plaintiffs' 21-page memorandum and voluminous exhibits, and has taken all of the plaintiffs' assertions into consideration. The plaintiffs challenge only the portion of the Court's order "as required plaintiffs to seek prior approval to take the deposition before a notary public, an officer authorized to administer oaths by the State of Connecticut." [Doc. #76 at 15].

The plaintiffs have attached as Exhibit P to their

---

[3] The Court notes that it does not construe the defendants' motion for protective order in the same way the plaintiffs' counsel apparently construes it, as, for instance, necessarily implying that "Plaintiffs' counsel might commit felony crimes[.]" [Doc. 76 at 19].

5

memorandum an affidavit from the notary public before whom the depositions are proposed to be taken. The Court finds that the affidavit satisfies the Court's order. Accordingly, future depositions may be conducted before this officer and recorded by audiovisual means. It is unclear why the plaintiffs seek reconsideration of the portion of the Court's order requiring this affidavit, **as they have already complied with that portion of the order.** However, as the plaintiffs have indicated that they intend to seek review by the District Judge, the Court will endeavor to clarify the basis for its prior ruling.

The plaintiffs contend that there is "no basis in fact or law to justify the Court's decision" requiring "plaintiffs to seek prior approval to take the deposition before a notary public[.]" [Doc. #76 at 15]. The sole "approval" requirement imposed by the Court's order was limited to ensuring that the requirements of the Federal Rules are met. The order stated:

> If the plaintiffs wish to use the Notary Public previously designated as an officer in this matter, they must provide an affidavit from that Notary Public that she has read and understands all of the requirements of an officer under the Rules; that she will attest to the accuracy and completeness of any recording; that she will remain in attendance and actively monitoring the recording throughout; and that she will meet all of the requirements of the Federal Rules for the taking of a deposition. The Court will review such affidavit and determine whether the proposed officer is acceptable. Any depositions scheduled to go forward before this officer shall be postponed until the Court's ruling on her acceptability under the Rules.

[Doc. #66 at 6-7]. This language is simply intended to ensure that the officer understands and can meet the requirements of Rule 30(b) of the Federal Rules of Civil Procedure, which provides, in relevant part, as follows:

> **(5) Officer's Duties.**
> (A) Before the Deposition. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:(i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.
> (B) Conducting the Deposition; Avoiding Distortion. If the deposition is recorded non-stenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.
> (C) After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

Fed. R. Civ. P. 30(b)(5). In addition, the Court's order is intended to ensure awareness of and compliance with Rule 30(f):

> **(f) Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.**
> **(1) Certification and Delivery.** The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked

7

"Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

**(2) Documents and Tangible Things.**
(A) Originals and Copies. Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:
> (i) offer copies to be marked, attached to the deposition, and then used as originals-- after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or
> (ii) give all parties a fair opportunity to inspect and copy the originals after they are marked--in which event the originals may be used as if attached to the deposition.

(B) Order Regarding the Originals. Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

**(3) Copies of the Transcript or Recording.** Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

**(4) Notice of Filing.** A party who files the deposition must promptly notify all other parties of the filing.

Fed. R. Civ. P. 30(f).

The Court adheres to its prior ruling requiring the proposed officer to affirm (which she now has) that she understands the role of an officer before whom a deposition is

8

taken, and that she is willing and able to meet the requirements set by the Federal Rules of Civil Procedure. "Courts have the inherent authority to ensure that parties abide by the Federal Rules of Civil Procedure[.]" Coleman-Hill v. Governor Mifflin Sch. Dist., 271 F.R.D. 549, 552 (E.D. Pa. 2010). The management and scope of discovery are matters left "to the sound discretion of the district court." Hanlin v. Mitchelson, 794 F.2d 834, 842 (2d Cir. 1986). Indeed, the Federal Rules themselves support the Court's authority to limit and condition discovery and depositions as necessary to ensure fairness and efficiency. See, e.g., Fed. R. Civ. P. 26(b)(1) (scope of discovery set by Rules "[u]nless otherwise limited by court order"); 28(1)(a) (depositions to be taken before officers authorized by law or "appointed by the court"); 30(b)(3)(A) (depositions may be conducted by various means "[u]nless the court orders otherwise"); 30(d)(1) (depositions limited to 7 hours unless "otherwise ordered by the court").

As the Federal Judicial Center has noted in the context of complex cases, a court should "ensure that the process of taking depositions is as fair and efficient as possible." Federal Judicial Center, Manual for Complex Litigation, 4th Ed., §11.45. In sum, this Court has the authority to enter orders that the Court finds necessary to ensure compliance with the Federal Rules of Civil Procedure and to ensure the fair and orderly

conduct of discovery. After review of the plaintiffs' submissions, the Court adheres to its prior ruling.

**IV. CONCLUSION**

The motion for reconsideration [Doc. #75] is hereby **GRANTED**, in part, to the extent the plaintiffs request that the Court consider their submissions. Upon review, and after reconsideration, the Court adheres to its prior ruling. The only portion of the Court's order challenged by the plaintiffs is the approval of the notary public, which has been addressed. The Court-Imposed Rules for Conduct of Future Depositions set forth at pages seven and eight of the Court's November 23, 2015, order, remain in effect. To the extent the motion seeks the imposition of sanctions or other relief, it is **DENIED**.

This is not a recommended ruling. This is a discovery ruling and case management order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven this 18th day of December 2015.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　HON. SARAH A. L. MERRIAM
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE